William MULLIN, Plaintiff, Appellant,

v.

RAYTHEON COMPANY,
Defendant, Appellee.

No. 98–1656.

United States Court of Appeals,
First Circuit

Feb. 10, 1999.

Before SELYA, Circuit Judge, and COFFIN and CAMPBELL, Senior Circuit Judges.

## ORDER OF COURT

The petition for rehearing en banc filed by plaintiff-appellant William Mullin is, under this court's internal operating procedures, considered both by the panel and by the full court. Panel rehearing is hereby denied because, in the panel's view, rehearing would serve no useful purpose. For the most part, the appellant's arguments are adequately answered in the panel opinion itself. In this order, we address only an argument that the appellant urges for the first time in his rehearing petition: the argument that 29 U.S.C. § 623(a)(2) (which makes it "unlawful for an employer . . . to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age") controls here, and that, therefore, the panel's focus on 29 U.S.C. § 623(a)(1) skewed its analysis of the viability of disparate impact claims under the ADEA.

We note, first, that the appellant did not advance this contention below. He did not advance it in his appellate briefs. He did not advance it at oral argument. He did not request leave, after oral argument, to file a supplemental brief. The point is, therefore, foreclosed. "[A] party cannot be permitted to raise a new issue for the first time on a petition for rehearing in the court of appeals." *Anderson v. Beatrice Foods Co.,* 900 F.2d 388, 397 (1st Cir.1990) (order denying rehearing); *accord Kale v. Combined Ins. Co.,* 924 F.2d 1161, 1169 (1st Cir.1991) (order denying rehearing).

We doubt, moreover, the applicability of section 623(a)(2) in this case. The appellant, after all, complained principally about the salary reduction, a claim that appears to implicate section 623(a)(1) (which makes it unlawful "to fail or refuse to hire or otherwise discriminate against any individual with respect to his *compensation,* terms, conditions, or privileges of employment, because of such individual's age") (emphasis supplied), rather than section 623(a)(2).

In all events, had the appellant raised his new contention in a timely manner, the panel's textual and structural analysis would not have been altered by focusing on section 623(a)(2), along with section 623(a)(1). When reading the section 623(a)(2) prohibition together with the section 623(f)(2) exception, the significance of the resulting construction remains unaffected: it shall be unlawful for an employer to "limit, segregate, or classify his employees . . . because of such individual's age," except when "based on reasonable factors other than age." This parallel construction is grammatically required because the punctuation associated with the "because of age" clause indicates quite clearly that Congress intended that clause to modify the language that sets forth the prohibited conduct. That is, the sentence prohibits "an employer from classifying an employee because of such individual's age in any way that would deprive him of employment opportunities or otherwise adversely affect his status as an employee." Pamela Krop, *Age Discrimination and the Disparate Impact Doctrine,* 34 Stan. L.Rev. 837, 843 n. 27 (1982); *accord DiBiase v. SmithKline Beecham Corp.,* 48 F.3d 719, 733–34 (3d Cir.1995).

The Tenth Circuit's rejection of ADEA disparate impact liability is instructive in this regard. In *Ellis v. United Airlines,* 73 F.3d 999, 1007 n. 12 (10th Cir.1996), the court noted that reading the two sections (§ 623(a)(1) and § 623(a)(2)) in *pari materia* requires the conclusion that both are limited to intentional discrimination—a conclusion that precludes disparate impact liability. We agree with this proposition and with the Tenth Circuit's holding. *See id.* at 1007.

The petition for panel rehearing is *denied.*

Before TORRUELLA, Chief Judge, COFFIN and CAMPBELL, Senior Circuit Judges, SELYA, STAHL, LYNCH and LIPEZ, Circuit Judges.

## ORDER OF THE EN BANC COURT

Feb. 10, 1999.

The panel of judges that rendered the decision in this case having voted to deny the petition for rehearing and the suggestion for rehearing en banc having been carefully considered by the judges of the Court in regular, active service and a majority of said judges not having voted to order that the appeal be heard or reheard by the Court En Banc,

It is ordered that the petition for rehearing and the suggestion for rehearing en banc, be denied.